**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RODNEY L. POOLE, SR.**                                                                  **PETITIONER**

**VS.**                          **CASE NO.: 5:15CV00259 JLH/BD**

**WILLIAM STRAUGHN, Warden,**
**Arkansas Department of Correction**
**Maximum Security Unit, et al.[1]**                          **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge J. Leon Holmes.  Any party may file written objections with

the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections

must be specific and must include the factual or legal basis for the objection.  An

objection to a factual finding must identify the finding of fact believed to be wrong and

describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no

objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing the record.

---

[1]Because Mr. Poole is in the custody of the Arkansas Department of Correction, the Clerk is instructed to amend the docket sheet to add Wendy Kelley, Director of the Arkansas Department of Correction, as a Respondent in this case. See Rule 2(a) of the Rules Governing Section 2254 Cases.

II.    **Procedural Background**

In May, 2010, Rodney L. Poole Sr. pleaded guilty to possession of marijuana with intent to deliver, conspiracy to possess MDMA with intent to deliver, and possession of drug paraphernalia.  (#11-2)  He was sentenced to 12 years in prison.  (*Id.*)

In this petition for writ of habeas corpus,[2] Mr. Poole first claims he was wrongfully found guilty of a disciplinary infraction and, as a result, the parole board is delaying its decision on parole past his transfer eligibility date.  (#2 at p. 7)  For his second ground for relief, Mr. Poole complains that Respondent is unlawfully denying his requests to be placed in the "fast track" substance abuse treatment program ("SATP").  (#2 at p. 8)  And finally, Mr. Poole claims Respondent denied him due process during the disciplinary process that resulted in a loss of good-time credit.  (#2 at p. 8)

Respondent contends that Mr. Poole's first, second, and part of his third claims cannot be decided by this Court, and that his due process claim is either procedurally defaulted or barred by the statute of limitations.  (#11)  For the reasons set forth below, Mr. Poole's claims should be dismissed, and his habeas petition should be denied.

---

[2]Mr. Poole brought his petition under 28 U.S.C. § 2241.  Because Mr. Poole is in custody pursuant to a state-court judgment, however, he can only obtain habeas relief through 28 U.S.C. § 2254.  *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).  The Court will consider his petition as if brought under  28 U.S.C. § 2254.  *Id.*

III.   **Factual Background**

On November 1, 2012, Mr. Poole received a major disciplinary charging him with creating unnecessary noise, indecent exposure, insolence to a staff member, and failure to obey verbal and/or written orders of staff.  (#11-9 at p. 1)  On November 20, 2012, Mr. Poole appeared at a disciplinary hearing and denied the charges.  (#11-9 at p. 2)  The hearing officer found Mr. Poole guilty of all of the charged violations based on the officer's report and sentenced him to 30 days in punitive isolation; 60 days of commissary, phone, and visitation restrictions; a good-time class reduction; and a loss of 90 days of good-time credit.  (#2 at pp. 17-18, #11-9 at pp. 2-3)

Mr. Poole appealed the disciplinary officer's decision to the warden.  The warden upheld the hearing officer's decision after examining the charging officer's eyewitness statement and reviewing video footage of the incident that showed where Mr. Poole was standing but not his actions.  (#11-9 at p. 3)  Mr. Poole appealed the decision to the disciplinary hearing administrator and the director, but the hearing officer's findings were upheld, and his appeals were denied.  (#11-9 at p. 3)

Mr. Poole became eligible for transfer on November 27, 2013.  (#2 at p. 12)  On October 14, 2013, the Parole Board deferred a decision on Mr. Poole's parole so that he could complete the SATP.  (#11-4)  Mr. Poole filed a "Letter of Reconsideration" with the Parole Board seeking reconsideration of the parole deferral.  (#11-5)  He explained that, although he had begun the SATP program, he had been unable to complete it due to

a reduction in his class status.  Mr. Poole asked to be placed in the "fast track SATP program." (#11-5)  His request was denied. (#11-6)  On June 7, 2015, the Parole Board again considered Mr. Poole's eligibility and again deferred a decision on parole until he could complete the SATP program. (#11-8)

IV.    **Discussion**

A federal court may entertain a State prisoner's petition for writ of habeas corpus only on the ground that he is in State custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  If Mr. Poole's claims do not allege that he is in custody in violation of the Constitution or federal law, this Court cannot decide the claims, and they must be dismissed.

A.    Parole

For his first ground for relief, Mr. Poole claims that Respondent is unlawfully holding him beyond his transfer eligibility date because of a disciplinary infraction. Respondent counters that Mr. Poole's claim cannot be the basis for habeas relief because Arkansas parole statutes do not create a liberty interest in early release from confinement, and expectation of release on parole is not a protected liberty interest that invokes due process. (#11 at p. 4)  The Court agrees.

An inmate has no liberty interest in the *possibility* of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).  Mr. Poole has a liberty interest in release at the expiration of his sentence; he does not have a liberty interest in the possibility of a

conditional release prior to the expiration of his sentence.  See *Swarthout v. Cooke*,

__U.S.__, 131 S. Ct. 859, 862 (2011)(the federal constitution does not confer a right to be

conditionally released before the expiration of a valid sentence).

The Due Process Clause itself does not create a protected liberty interest in the

possibility of parole or release before expiration of a validly imposed sentence.  See

*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Further, nothing in the Arkansas statutes governing parole creates anything more than a

possibility of parole.  Thus the statutes do not establish any right to release on parole that

would trigger due process protection.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir.

1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984);[3] see also *Hamilton v.*

*Brownlee*, 237 F. Appx 114, 115 (8th Cir. 2007)(citing Ark.Code Ann. § 16-93-701(a)(1)

(2006)(other citations omitted)).  Because Mr. Poole's first claim has not alleged a

violation of the constitution or federal law, this Court cannot grant Mr. Poole relief on

this claim.

B.      SATP

For his second ground for relief, Mr. Poole complains that Respondent erred by

denying him placement in the "fast track" SATP program so that he could become

---

[3]In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of
Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest in
parole.  *Id.* at 661.  The Court explained that due process required that the Board to
provide more than boilerplate language in denying a parole request.  *Id.* at 662.
Following the Court's decision in *Parker*, the Board has revised its regulations.

eligible for transfer sooner.  (#2 at p. 8)   This claim does not allege a violation of the Constitution or federal laws.  To the extent Mr. Poole is complaining that Respondent is not following ADC policies, he has not stated a federal claim for habeas relief.  He has no constitutionally protected liberty interest in Respondent's adherence to prison policies. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having prison officials follow prison regulations).  Consequently, the Court recommends Mr. Poole's second claim be dismissed.  28 U.S.C. § 2254(a).

C.     Due Process

For his third claim, Mr. Poole complains that he was denied due process during disciplinary proceedings that resulted in his receiving 30 days' punitive isolation; 60 days' commissary, phone and visitation restrictions; a good-time class reduction; and a loss of 90 days of good-time credit.  Mr. Poole alleges that, had the warden followed "policy and procedure" and thoroughly investigated the charging officer's report, he would have reversed because there was a lack of evidence to support the charging officer's account of the incident.  (#2 at p. 8)

To the extent Mr. Poole is challenging his loss of privileges, punitive isolation, and class-reduction, these claims cannot be decided in a federal habeas petition, because changes in custody status and classification do not constitute "atypical and significant" hardships that trigger the protection of the due process clause.  See *Sandlin v. Conner*, 515 U.S. 472, 485–86 (1995)(thirty days in disciplinary segregation); *Phillips*, 320 F.3d at

6

847 (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)(demotion to

segregation and limitations on visitation);  *Hartsfield v. Dep't of Corr.*, 107 Fed.Appx.

695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interests in particular

classification)(citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)(prisoners do not have

a liberty interest in classification)).

    As to Mr. Poole's claim regarding his loss of good-time credit, Respondent

contends that Mr. Poole was required to exhaust this claim prior to filing a habeas petition

by bringing a state court action under Arkansas's Administrative Procedure Act or,

alternatively, that the claims are barred by the statute of limitations.  In the interest of

judicial economy, the Court will address the merits of Mr. Poole's claim.  *McCraney v.*

*Hobbs*, 504 F. Appx 520, 523 (8th Cir. 2013) (citing *Trussell v. Bowersox*, 447 F.3d 588,

590-91 (8th Cir. 2006)(other citation omitted)).

    In general, prisoners can have a liberty interest in the loss of good-time credit.

*Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).  But it is state law, not the

federal constitution, that determines whether there is such a liberty interest.  See *Sandlin*

*v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(holding that states may create

liberty interests in good-time credit protected by the Due Process Clause).

    The Supreme Court of Arkansas has found that there is no liberty interest in the

accumulation or loss of good-time credits under Arkansas law.  *McKinnon v. Norris*, 366

Ark. 404 (2006);  *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  Its reasoning is that

the accumulation or loss of good-time credit does not affect the length of a sentence, but rather, determines only the location and conditions under which the sentence will be served.  *McKinnon*, 366 Ark. at 408-09.

The Arkansas Supreme Court is primarily responsible for interpreting Arkansas law.  A state court's interpretation of the federal Constitution, and in this case the Due Process Clause, however, is not binding on federal courts.  See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (Supreme Court of the United States is the "ultimate interpreter of the Constitution").

Both the Supreme Court of the United States and the Eighth Circuit Court of Appeals have found that inmates in Nebraska have a liberty interest in the loss of good-time credits under a statutory scheme similar to Arkansas's.  See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006).  But unlike Nebraska's good-time statute, Arkansas's good-time statute expressly provides that "good time will not be applied to reduce the length of a sentence." Compare NEB. REV. STAT. § 83-1,107 and ARK. CODE ANN. § 12-29-201(d).  Instead of reducing the *term* of a prisoner's sentence, Arkansas's good-time statute reduces the time an inmate must serve *in prison* before becoming eligible for transfer, including parole. Accordingly, Mr. Poole's due process claim related to his loss of good-time credits fails.

Even if the Court had found that Mr. Poole had a liberty interest triggering the due process clause, his claim would still lack merit because Respondent satisfied due process

requirements.  The minimum procedural due process protections require: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reason for the disciplinary action.  *Wolff*, 418 U.S. at 563-67.

The requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits.  *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768 (1985); *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011).  The some-evidence standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  *Id*.  If there is "any evidence in the record" that could support the finding of the disciplinary authority, the sanctions comport with due process.  *Id*. at 455–56.  There is no question that here Mr. Poole received all of these procedural protections and that there was some evidence in the record supporting the disciplinary hearing officer's decision. (#11-9)

## IV.   <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr.

Poole has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

In this case, Mr. Poole has not provided a basis for the Court to issue a certificate of appealability.  See *Roberts v. Hobbs*, Case No. 5:14CV44, docket entry #11 (E.D.Ark. April 4, 2014)(Arkansas Supreme Court's decision in *McKinnon* forecloses a due process claim regarding revocation of good time credits); *Smith v. Hobbs*, Case No. 5:13CV224, docket entry #13 (E.D.Ark. dismissed January 8, 2014)(same).  Accordingly, a certificate of appealability should be denied.

## V.   <u>Conclusion</u>

The Court recommends that Mr. Poole's petition for writ of habeas corpus be denied and dismissed, with prejudice, and no certificate of appealability be issued.  Mr. Poole's motion to appoint counsel (#12) is DENIED as moot.

DATED this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE